50 CCPA
**Application of Russell G. HEYL, Jr.**
**Patent Appeal No. 6913.**

United States Court of Customs and Patent Appeals.
Feb. 13, 1963.

Paul F. Seibold, Harness, Dickey & Pierce, Detroit, Mich., for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claim 12 of application Ser. No. 430,267, filed May 17, 1954, for "Power Seat Track Having Horizontal and Vertical Movement."

The single reference relied on is:

Garvey et al    2,809,689    Oct. 15, 1957

Appellant's invention relates to the supporting structure for an automobile seat which can be moved both forward and backward and up and down by a motor-driven mechanism. The Garvey et al. patent shows such a mechanism. In both appellant's device and in the device of the reference the seat is supported at either side on track units, each unit having an element attached to the floor of the car and an element movable relative thereto supporting the seat. The fixed and movable elements of each unit are linked together by levers, links, springs, pivots, and the like and corresponding elements in the right and left hand units are functionally tied together by rotatable torsion bars which, on being rotated, cause the track elements to move relative to each other. Rotation of one bar moves the seat fore and aft and rotation of the other moves it up and down. These movements are produced by a pair of motor-driven screw jacks, the motors being reversible. One is linked to the fore-and-aft torsion bar through a crank and the other is similarly linked to the bar producing vertical movement.

There is only one legally significant difference between the structure defined in the appealed claim and the disclosure of Garvey et al. In the reference, one end of the power means, or screw jack, is attached directly to the floor of the vehicle through its own bracket. Appellant, however, attaches the same end of his screw jack *to a bracket which is attached to the element of one of the seat-supporting units which is attached to the floor.*

While the complete structure necessarily includes two jacks to produce the two motions desired, it will be seen that claim 12 is broad and not limited thereto. It reads on either of the jacks employed and

its support, to produce either the horizontal or vertical movement, and reads on a seat having only one of the two movements. Claim 12 is as follows (subdivision and reference letters supplied by us) :

> "A unit seat suporting structure for an automobile
>
> "[a] which may be completely assembled and tested outside of the body thereof embodying
>
> "[b] a pair of spaced units, each unit comprising
>
>> "[i] a floor engaging element and
>>
>> "[ii] a seat supporting element,
>
> "[c] means interconnecting said elements to permit the seat supporting elements of each unit to be moved relative to the floor engaging element thereof,
>
> "[d] drive means interconnecting said supporting elements for producing their simultaneous movement,
>
> "[e] attaching means on one of said floor engaging elements spaced from said drive means, and
>
> "[f] a power unit secured to said attaching means and connected to said drive means and supported solely thereby."

In further explanation of the claim, element [d] is a torsion bar; [e] is the bracket to which one end of a screw jack is attached, the other end being attached to the torsion bar through a crank arm; and [f] is the motor-driven screw jack, which, through the crank, rotates the torsion rod.

The claim seems obviously to have been drafted to distinguish in terms from Garvey et al., which it does in elements [e] and [f]. This mechanical difference, appellant urges, is of great importance and gives him the advantage recited in clause [a] of the claim, namely, that his seat supporting mechanism can be completely assembled and bench tested before

its assembly in the vehicle, whereas Garvey's mechanism cannot be so tested because his screw jack, which has an end bracket secured *directly* to the floor of the car, is unsupported until assembly in the car.

This difference is what is relied on for patentability. It is the only difference which exists between the structure of claim 12 and the prior art. The law is that the claimed subject matter is not patentable if this difference "between the subject matter sought to be patented and the prior art" is "such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103.

Assuming that the Garvey et al. and similar structures had the disadvantage alleged, and that it appeared to be desirable to "unitize" the structure to produce an entirely self-contained mechanism which could be operated under its own power for testing outside of the vehicle, all that was necessary, and apparently all that appellant did, was to mount the free end of the screw jack on a bracket riveted to one of the floor engaging elements which was to be attached to the vehicle floor in any case. Even though this might have entailed shifting some of the other parts around slightly to attain the optimum position for the screw jack so mounted, and using parts of adequate strength, we are in complete agreement with the board that "such a modification of the reference apparatus would be quite obvious even to the routineer."

For no reason we can perceive, two and a half pages of the record are taken up with the reproduction of allowed claims which have no relevance to the issue before us.[1]

The decision of the board is affirmed.

Affirmed.

---

[1]. In this regard see paragraph 3 of this court's Rule 26(3) (1953), which states in part (our emphasis) :
> " * * * If any claims of the applicant shall have been allowed, *and a consideration of the same shall be*

*involved in the issues presented on appeal,* a like copy of said allowed claims shall immediately follow the rejected claims, under the heading Allowed Claims."